IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTY MCCURTAIN, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. _____ |
| HOME DEPOT U.S.A., INC., | § § § | |
| *Defendant*. | § § | |

## NOTICE OF REMOVAL

Defendant Home Depot U.S.A., Inc. ("Home Depot") files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446, and in support thereof states as follows:

### COMMENCEMENT, SERVICE, AND CONSENT

1. On June 2, 2021, Plaintiff Christy McCurtain ("Plaintiff") commenced this action by filing her Original Petition in the 152nd Judicial District Court of Harris County, Texas. The case is styled Cause No. 2021-32990, *Christy McCurtain v. Home Depot U.S.A., Inc.*, in the 152nd Judicial District Court of Harris County, Texas. Plaintiff filed her First Amended Petition on June 8, 2021.

2. Plaintiff served Home Depot with her First Amended Petition on September 7, 2021. Home Depot timely filed its answer in state court on September 27, 2021. Home Depot's Original Answer included special exceptions to Plaintiff's petition, specifically that Plaintiff failed to plead a permissible range of damages as required by Texas Rule of Civil Procedure 47. A hearing on Home Depot's special exceptions was held and the state court signed an Order requiring Plaintiff to amend her petition in compliance with Texas Rule of Civil Procedure 47. Plaintiff served her Second Amended Petition on Home Depot on November 24, 2021 and for the first time plead for monetary relief up to $250,000.

3.     This Notice of Removal is filed less than one year from commencement of this action and within thirty days after Home Depot's receipt through service and otherwise of other papers from which it was first ascertainable that this case was removable and is thus timely under 28 U.S.C. § 1446(b)(3).

## GROUNDS FOR REMOVAL

4.     Home Depot is entitled to remove the state court action to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because this is a civil action involving an amount in controversy exceeding $75,000, exclusive of interest and costs, between parties with diverse citizenship.

### A.    *Diversity of Citizenship*

5.     There is complete diversity of citizenship between Plaintiff and Home Depot.

6.     Plaintiff is a resident of Texas.[1]

7.     Home Depot is a Delaware corporation with its principal place of business in Georgia.[2]

### B.    *Amount in Controversy*

8.     When, contrary to Texas state law, a plaintiff has specifically alleged damages less than $75,000, the Fifth Circuit allows a removing defendant to prove the amount in controversy actually does, in fact, exceed the jurisdictional amount required in diversity cases.[3] Once the defendant makes this showing, the case will not be remanded unless the plaintiff can prove by a legal certainty that her recovery will be less than $75,000.[4]  A plaintiff can prove this

---

[1]   *Plaintiff's Second Amended Petition* at ¶ 6.
[2]   *See Story v. Home Depot, U.S.A., Inc.*, No. 4:05-CV-054-A, 2005 U.S. Dist. LEXIS 10306, at *1-2 (N.D. Tex. May 7, 2005) ("Home Depot [is] a Delaware corporation having its principal place of business in Georgia.").
[3]   *Gilman v. Arthur J. Gallagher & Co.*, No. H-09-2355, 2009 U.S. Dist. LEXIS 118326, at *10 (S.D. Tex. Dec. 21, 2009)(citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995)).
[4]   *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

via a state statute or a legal stipulation that limits plaintiff's recovery.[5]   Filing a stipulation after the case has been removed is ineffective because a plaintiff is bound irrevocably by her state pleadings at the time of removal.[6]

9. Here, Plaintiff alleged in her Original and First Amended Petition that she only seeks relief of $75,000.[7] Thus, it was not apparent from the face of Plaintiff's Original Petition that the amount is controversy exceeded $75,000 and Plaintiff failed to make a legal stipulation limiting her recovery to less than $75,000. There is also no statute limiting Plaintiff's potential recovery to less than $75,000.[8] Although the case was not initially removable based upon Plaintiff's allegations in her petition, it became removable for the first time on November 24, 2021, when Plaintiff served Home Depot with her Second Amended Petition. Plaintiff amended her previous petition to request relief of $250,000 or less. Hence, this case is now removable because Home Depot has been able to ascertain that the amount in controversy exceeds $75,000 and Plaintiff is not legally bound to only seek recovery of $75,000 or less.

10. Further, following Plaintiff's initial disclosures in this matter on October 27, 2021 and her Second Amended Petition seeking relief of $250,000 or less it is clear that the amount in controversy exceeds $75,000.[9] This is a personal injury case where Plaintiff claims she suffered damages due to an alleged injury that occurred while Plaintiff was working in the normal course and scope of her duty at Home Depot. Plaintiff served Home Depot with her initial disclosures on October 27, 2021 and disclosed for the first time that she requires a future surgical procedure

---

[5]  *Id.*
[6]  *Gilman*, 2009 U.S. Dist. LEXIS 118326, at *12.
[7]  *Plaintiff's Original Petition* at ¶ 5, *Plaintiff's First Amended Petition* at ¶ 5.
[8]  *Gutierrez v. Allstate Tex. Lloyd's*, No. EP-16-CV-00316-FM, 2016 U.S. Dist. LEXIS 190006, at *14 (W.D. Tex. Dec. 21, 2016) (holding that a statement in a Texas state court petition limiting the amount sought in damages is not a binding legal stipulation and a plaintiff cannot rely on this to show there is a legal certainty their recovery will be less than $75,000).
[9]  *See Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163, n.6 (5th Cir. 1992).

estimated at $43,000.[10]  This is in addition to the undisclosed total of Plaintiff's medical bills from the **eight** medical providers that Plaintiff identified in her initial disclosures as where she has received treatment for her alleged injuries.[11]  Plaintiff also requests damages including, but not limited to, her past and future medical expenses, past and future physical pain and suffering and mental anguish, past and future loss of earning capacity, past and future impairment, disfigurement, interest and costs.[12]  Hence, an analysis of Plaintiff's Second Amended Petition reveals that there is more than $75,000 in controversy.[13]

## VENUE

11.  Venue lies in the United States District Court for the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because Plaintiff filed the action in a state court that is within this judicial district and division.

## NOTICE

12.  Home Depot will give notice of the filing of this Notice of Removal to all parties of record pursuant to 28 U.S.C. § 1446(d). Home Depot will also file with the clerk of the state court and will serve upon Plaintiff's counsel a notice of the filing of this Notice of Removal.

## JURY DEMAND

13.  Plaintiff requested a jury in her Original Petition, First Amended Petition and Second Amended Petition.

---

[10] Exhibit E.
[11] *Id*.
[12] *Plaintiff's Second Amended Petition* at Section 7.
[13] *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412–13 (5th Cir. 1995), *cert. denied*, 516 U.S. 865 ("In [Texas], a plaintiff, in a case for unliquidated damages, cannot, absent a further showing, avoid removal . . . where defendants are able to show that it is facially apparent that the amount in controversy exceeds [$75,000]."); *see also e.g.*, *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 724 (5th Cir. 2002).

## EXHIBITS TO NOTICE OF REMOVAL

14. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81, attached to this Notice is an index of all matters being filed with this Notice, which includes the following documents:

    A. Plaintiff's Original Petition– **Exhibit A**

    B. Plaintiff's First Amended Petition – **Exhibit B**

    C. Return of Service – **Exhibit C**

    D. Defendant Home Depot U.S.A., Inc.'s Original Answer – **Exhibit D**

    E. Plaintiff's Initial Disclosures – **Exhibit E**

    F. Order Granting Special Exceptions-**Exhibit F**

    G. Plaintiff's Second Amended Petition – **Exhibit G**

    H. Docket Sheet - **Exhibit H**

    I. Counsel of Record – **Exhibit I**

## PRAYER

WHEREFORE, Defendant Home Depot U.S.A., Inc., pursuant to the statutes cited herein and in conformity with the requirements set forth in 28 U.S.C. § 1446, removes this action from the 152nd Judicial District Court of Harris County, Texas to this Court.

Respectfully submitted,

By: /s/ Jason R. Bernhardt
    Jason R. Bernhardt
    State Bar No. 24045488
    Southern Dist. No. 566787
    jbernhardt@winstead.com
    Katie M. Banks
    State Bar No. 24092114
    Southern Dist. No. 2516169
    kbanks@winstead.com
    **WINSTEAD PC**
    600 Travis, Suite 5200
    Houston, Texas 77002
    (713) 650-8400
    (713) 650-2400 (Fax)

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I certify that on November 24, 2021, a true and correct copy of the foregoing was electronically served on:

M. Paul Skrabanek
PIERCE SKRABANEK, PLLC
3701 Kirby Drive, Suite 760
Houston, Texas 77098
Telephone: (832) 690-7000
Facsimile: (832) 616-5576
paul@pstriallaw.com
E-service: service@pstriallaw.com

**ATTORNEYS FOR PLAINTIFF**

    /s/Jason R. Bernhardt
    Jason R. Bernhardt