United States District Court
Southern District of Texas
**ENTERED**
June 14, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTY MCCURTAIN, | § | |
| Plaintiff, | § § § | |
| v. | § | CIVIL ACTION NO. H-21-3868 |
| HOME DEPOT USA, INC., | § § § § | |
| Defendant. | § | |

## ORDER

Christy McCurtain filed this civil action in state court, alleging that she was injured while working at Home Depot when she was "showing two new employees how to use [a] Ballymore [ladder], . . . attempted to pull herself up to the top of it[,] and heard her knee pop." (Docket Entry No. 1-2, at 3). Home Depot removed the case to federal court based on diversity.

At the initial conference, this court asked McCurtain's counsel a series of questions to understand the nature of McCurtain's claim. The court asked, "did [McCurtain] fall or did the structure collapse?" McCurtain's counsel replied, "No, nothing like that. She was just climbing it and her knee popped." The court asked, "Was there a problem with the ladder?" Counsel replied, "not that I've seen so far." The court then asked, "What's the premises defect or the negligence?" McCurtain's counsel replied:

> Well . . . just to be quite frank with Your Honor, . . . it's a friend of a friend case kind of thing. We pled under $75,000 initially to keep it in state court to see – since it's a non-sub case and they can't blame us, to see what came up as far as either problems with the ladder, problems with training on how to climb that ladder and things like that.

The court then stated, "I think what you're telling me is that there's no there there," to which McCurtain's counsel responded, "Yes. For now there's not." The court asked counsel what

McCurtain would say in her affidavit in opposition to a summary judgment motion. McCurtain's counsel replied, "[s]he would say, I stepped up. My knee popped. I felt it. And somebody should have been helping me climb the stairs."

Home Depot asked for an opportunity to depose McCurtain before moving for summary judgment. Based on McCurtain's responses to the court's questions in the hearing, the court determined that deposition discovery appeared unnecessary, and that Home Depot could move for summary judgment based on the initial disclosures, which included Home Depot's incident report and a transcript of a telephone conversation between McCurtain and Liberty Mutual. The court also granted McCurtain leave to amend her pleadings.

McCurtain never amended her pleadings. Home Depot moved for summary judgment. McCurtain responded. McCurtain's summary judgment response relies on her affidavit. McCurtain's affidavit contains factual allegations not included in her petition and unlike her counsel's representations to the court during the Rule 16 conference. Her affidavit states, for example:

- "[W]hen I tried to step onto the Ballymore electric ladder, I heard a pop in my left knee as I was stepping *up and over the bumper*."

- "At the point of the accident, I had received training on many aspects of my job . . . . However, I had not received training on how to get on the Ballymore machine prior to my incident. The lack of training with the Ballymore machine posed a hazard to me because when you get on the machine you must pivot through the gate creating difficulties that I was not trained how to avoid. By the point of my injury, I had told managers on several occasions that I did not receive training on the Ballymore machine. On one occasion, both[] the store manager named Jill and Ms. Seals from Human Resources department separately responded that they did not have adequate trainers because many trainers were on leave due to the COVID pandemic. On another occasion, . . . I raised my concerns with the lack of training on aspects of my job including the use of the Ballymore and was told . . . 'to do my job.'"

- "Additionally, the Ballymore machine . . . was unsafe because it was missing several safety aspects to the machine. Specifically, the machine was missing bolts on the bumpers that you should be able to step on but because they were missing, I had to step

over it to get on the machine.  Furthermore, the machine was missing anti-slip tape on the machine bumpers and the machine platform that ensure the safe ability to step on rather than over the bumpers."

(Docket Entry No. 11-1).

McCurtain uses these allegations to argue that there is a dispute of material fact as to whether the Ballymore machine posed an unreasonable danger, and whether Home Depot owed her a duty to provide training on how to properly use the Ballymore.

Home Depot has moved to strike the affidavit as conclusory and irrelevant.  But the affidavit does contain specific factual allegations, and they are relevant.  The best approach is to deny the motion for summary judgment, Docket Entry No. 10, without prejudice, allowing Home Depot to conduct discovery, including depositions, after McCurtain amends her pleadings.  Home Depot's motion to strike, Docket Entry No. 13, is dismissed as moot.

McCurtain must amend her complaint to add these new factual allegations by **June 22, 2022.**  The parties may conduct discovery, including Home Depot's deposition of McCurtain and McCurtain's Rule 30(b)(6) deposition of Home Depot, by no later than **August 22, 2022.**  Home Depot may refile its motion for summary judgment by **September 12, 2022**.

SIGNED on June 14, 2022, at Houston, Texas.

                                                Lee H. Rosenthal
                                       Chief United States District Judge